J. M. FORMBY, Justice of Peace of Fifth Justice District, Polk County, v. R. J. FUTCH.

153 So. 913.

Opinion Filed March 27, 1934.

E. Snow Martin, of Bartow, for Appellant;

*Martin & Martin,* of Plant City, for Appellee.

PER CURIAM.—This appeal is from a decree of the Circuit Court of Polk County, restraining the Appellant from impounding, advertising, offering for sale, holding in possession, or going into Hillsborough County and impounding or otherwise interfering with appellee's cattle.

The Legislature of 1933 enacted Chapter 16463, Laws of Florida, better known as the Hillsborough County "No Fence Law," Section 4 of which is as follows:

"That any person may take up, and it shall be the duty of the Sheriff, deputy sheriff, justices of the peace, constables or other officers who may be employed so to do, to take up or cause to be taken up and impounded any cattle, hogs, horses, mules, sheep, goats or other grazing live stock which may be found running or roaming at large within the above described territory in Hillsborough County, Florida, and such impounder may demand the sum fifty cents for each of the cattle, hogs, horses, mules, goats, sheep or other grazing live stock for each day the said animal is kept impounded, and the sum of fifty cents (50) for taking and impounding each animal impounded under the provisions of this Act, and the person so impounding to feed and give such other care as is necessary to keep said live stock in the same condition as when impounded."

It is contended here that Section 4 so quoted is not limited to the designated officers of Hillsborough County in its authorization to take up and impound live stock but that such impounding may be done by the sheriff and constables of other counties, and that if in terms, it should be held as being limited in its scope to Hillsborough County, it is void and ineffectual because of its repugnance to Sections 22, 23, and 15 of Article V, and Section 20 of Article III of the State Constitution.

As to the constitutional question raised, the record discloses that Chapter 16463 is very similar in terms to Chapter 9580, Acts of 1923, as amended by Chapter 11024, Acts of 1925, which was construed and upheld by this Court in Gill v. Wilder, 95 Fla. 901, 116 So. 870. The Act brought in question is therefore upheld on authority of the latter decision. By its very terms it can apply only to Hillsborough County officers. This was the holding below.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.